IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMAH TIMAH CHICK, | § | |
| | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:26-cv-01285-K (BT) |
| | § | |
| FACILITY ADMINISTRATOR OF | § | |
| PRAIRIELAND DETENTION | § | |
| CENTER, et al. | § | |
| Respondents | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is habeas petitioner Timah Timah Chick's emergency motion

for temporary restraining order and preliminary injunction ("TRO"). Doc. 3. For the

following reasons, the Motion is **DENIED**.

Chick filed a habeas petition under 28 U.S.C. § 2241 in which he contests his

ongoing immigration detention. Doc. 1. Chick—currently litigating an order of removal

entered against him on February 25, 2026—claims that his detention during the

removal proceedings is unconstitutional and violates his rights to substantive and

procedural due process because he has been in Immigration Customs Enforcement

("ICE") custody since December 18, 2025, without an individualized bond hearing.

*See id.* at 10.

The same day that he filed his habeas petition, Chick filed the instant motion

for a TRO primarily related to the medical care he is receiving at the Prairieland

1

Detention Center where he is confined. Doc. 3. Chick alleges that he suffers from "documented and worsening medical conditions, including recurrent chest pain, abnormal cardiac findings, []bradycardia," and ongoing symptoms such as dizziness, weakness, and fatigue. *Id.* at 1, 3. He alleges that his detention facility lacks the continuous cardiac monitoring necessary to manage his condition and protect him from "life-threatening cardiac complications," and that, despite referral to a cardiologist, he has not been seen by a specialist. *Id.* at 1-2.

Chick seeks a TRO (1) prohibiting Respondents from transferring him outside this District during this action; (2) ordering Respondents to immediately release him from custody or, alternatively, to provide an individualized custody hearing; and (3) ordering Respondents to provide him with adequate and appropriate medical care, including prompt cardiology evaluation, pending resolution of this matter. *Id.* at 4.

For a district court to grant a request for a temporary restraining order, a petitioner must show: (1) a substantial likelihood of success on the merits, (2) a substantial threat that the movant will suffer irreparable injury if the request is denied, (3) that the threatened injury outweighs any damage that the injunction might cause the defendant, and (4) that the injunction will not disserve the public interest. *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014). When considering the degree of threat that the movant faces, a presently existing actual threat must be shown. *United States v. Emerson*, 270 F.3d 203, 262 (5th Cir. 2001). The Court cannot

grant a request for injunctive relief "to prevent the possibility of some remote future injury." *Id.*

Chick fails to show entitlement to a TRO. First, to the extent he seeks an order preventing his transfer to another district, he provides no facts suggesting such a transfer is imminent, nor does he explain how such a transfer would result in irreparable harm. He is not entitled to a TRO preventing his transfer outside this District. *See, e.g., Singh v. Geo Grp. Inc.,* 2026 WL 510732, at *2 (W.D. La. Feb. 24, 2026) ("As for Petitioner's request that Respondents be enjoined from transferring him outside this jurisdiction, '[m]ere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief.'") (citing *Lotter v. Lyons*, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025)).

Next, to the extent Chick seeks a TRO compelling his release or a custody hearing, this is the same relief that he seeks in the habeas petition. A litigant cannot obtain the ultimate relief sought in a habeas petition through a request for injunctive relief. *See, e.g., Lackie v. Stinnie*, 604 U.S. 192, 200 (2025). An injunction is only meant to preserve the status quo so that a court can render a meaningful decision after a trial on the merits. *Apex Grp. Cap. Advisors LLC v. Related Fund Mgmt., LLC,* 2025 WL 1869436, at *2 (N.D. Tex. July 7, 2025) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1972)). So, Chick is not entitled to a TRO requiring Respondents to release him or to hold a custody hearing. *See, e.g., Torres Perez v. Warden*

*of Prairieland Det. Ctr.*, 2026 WL 776039, at *1 (N.D. Tex. Mar. 19, 2026) (rejecting similar request for injunctive relief).

Finally, Chick's complaints about his medical care and request for a TRO requiring "adequate and appropriate medical care" are not the proper subject of a habeas corpus petition and should instead be pursued through a civil rights lawsuit. The Fifth Circuit has held that the purpose of habeas corpus is to grant relief from unlawful imprisonment or custody, and it cannot be used for any other purpose. *Pierre v. United States*, 525 F.2d 933 (5th Cir. 1976). "[H]abeas corpus, although correctly alluded to as the Great Writ, cannot be utilized as a springboard to adjudicate matters foreign to the question of the legality of the custody." *Foreman v. Director, TDCJ-CID*, 2011 WL 5080180, at *5 (E.D. Tex. July 12, 2011) (citing *Pierre*, 525 F.2d at 936), *rec. accepted* 2011 WL 5081074 (E.D. Tex. Oct. 24, 2011). So, Chick is not entitled to a TRO requiring Respondents to provide "adequate and appropriate medical care" because such relief would have no bearing on the fact or duration of his confinement. *See Foreman*, 2011 WL 5080180, at *5 ("Because the quality of medical treatment which Foreman is receiving is not germane to the legality of his custody, he may not raise this issue in a habeas corpus petition."); *Klein v. Chandler*, 2013 WL 2634400, at *3 (N.D. Tex. June 11, 2013) (noting that injunctive relief related to medical treatment was not a proper subject for a habeas corpus petition); *United States v. Britton*, 2014 WL 6879797, at *5 (N.D. Ohio Dec. 5, 2014) ("With respect to his claim of inadequate medical care, habeas corpus is not the appropriate vehicle for challenging

4

any condition of confinement, including medical care during incarceration."); *Harris v. Zickefoose*, 2009 WL 4666870, at *3 n.7 (D.N.J. Dec. 8, 2009) ("[T]he court notes that the proper avenue to obtain injunctive relief to compel medical treatment….is a civil action for declaratory and injunctive relief, not a habeas petition."); *Kimball v. Hickey*, 2010 WL 4320401, at *5 (E.D. Ky. Oct. 21, 2010) (denying motion seeking emergency medical treatment in the context of a § 2241 petition because a petitioner is "not permitted to assert prison condition claims, such as those related to his medical treatment, in a § 2241 petition").

Accordingly, Chick's emergency motion for temporary restraining order and preliminary injunction (Doc. 3) is **DENIED**. His habeas petition remains pending.

**SO ORDERED.**

Signed April 23rd, 2026.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE

5